**MOLIPOPO MAILO, Plaintiff**

v.

**ROSALIA AUMAVAE, IOSEFO TALOLO, and AMERIKA SAMOA BANK, Defendants**

---

**AMERIKA SAMOA BANK and IOSEFO TALOLO, Cross-Claimants,**

v.

**ROSALIA AUMAVAE, Cross-Defendant.**

High Court of American Samoa
Land and Titles Division

LT No. 3-95

October 1, 1996

Before RICHMOND, Associate Justice, and TAUANU'U, Chief Associate Judge.

Counsel:    For Plaintiff, Charles V. Ala'ilima
For Defendants/Cross-Claimants Iosefo Talolo and Amerika Samoa Bank, William H. Reardon
For Defendant/Cross-Defendant Rosalia Aumavae, Pro Se

Order Clarifying and Amending Part of Opinion and Order:

One part of our discussion in the opinion and order, entered on September 24, 1996, needs clarification, and we will do so on our own motion.

We stated in the first full paragraph on page 6 of our decision that "We think that ASB was under a duty to ensure that the land described in a deed and mortgage to secure a loan was actually owned by the mortgagor and, failing to inquire, is constructively notified of the defect and acted at its peril."

The word "duty" may mislead. We did not mean to impose an affirmative duty upon a mortgagee to check a mortgagor's ownership of land used as collateral for a loan or risk losing foreclosure rights on default of the underlying loan. We only intended to point out that a mortgagee cannot foreclose against land described in a deed and mortgage which the mortgagor does not actually own, in the absence of any basis for reformation of the mortgagee's deed. The mortgagee's fraud in inducing her grantor's conveyance of the land rendered the deed void and precluded the possibility of reformation in this case.

## ORDER

1. The opinion and order is amended by deleting the first and second full paragraphs on page 6 in their entirety and substituting the following paragraphs therefor:

> However, as ASB later discovered, the land described was not the land actually intended to be conveyed and mortgaged. Unless reformed, the deed conveyed nothing to Rosalia, and ASB is constructively notified of the defect. *See National Resources, Inc. v. Wineberg*, 349 F.2d 685, 690 (9th Cir. 1965).

> Since the deed was absolutely void by reason of Rosalia's fraud upon Molipopo, ASB cannot obtain reformation of the deed and is not protected as a bona fide encumbrancer, even though it acted in good faith. *See Trout*, 32 P.2d. at 970; *Bryce*, 55 P.2d at 489.

2. The Clerk of Courts shall have a certified copy of this order registered with the Territorial Registrar.

It is so ordered.